## M'INTOSH and Another *v.* CHEW and Another.

A judgment against *B.* was enjoined, and the injunction bond executed by *B.* with *C.* as his surety. The injunction was afterwards dissolved, and a fieri facias taken out on the judgment, which was returned "levied on the real estate of *B.,* which remains unsold for want of buyers." *Held,* that an action would not lie, under these circumstances, against *B.* and *C.* on the injunction bond; the taking of goods or lands in execution being a bar to a subsequent suit for the same demand, until their insufficiency is proved by a sale and return.

If property, taken in execution, do not sell for a sufficient sum to satisfy the judgment, the plaintiff may, after the sale and return, proceed for the residue.

Nov. Term,
**1823.**

M'INTOSH
v.
CHEW.

Saturday,
November 15.

ERROR to the *Knox* Circuit Court.

SCOTT, J.—*Chew* and *Beattie*, the defendants in error in this case, obtained a judgment in the General Court of the *Indiana* territory against *M'Intosh*, one of the present plaintiffs. *M'Intosh* had the judgment enjoined, and gave an injunction bond, with *M'Call*, the other plaintiff, as his surety. The injunction was afterwards dissolved by a decree of this Court. Execution was then taken on the judgment, and was returned, levied on the real estate of *M'Intosh*, and the property not sold for want of bidders. The plaintiffs below, without any further proceedings being had on the judgment and execution, brought suit on the injunction bond. An agreed case was made by the parties, containing the foregoing facts, and submitting to the consideration of the Court, whether, under these circumstances, the levying of the execution on the property of one of the defendants, and that property remaining unsold, was, or was not, a bar to the action on the injunction bond.—The judgment was for the plaintiffs below.

We think the Circuit Court has mistaken the law in this case. We take the law to be, that the plaintiffs, by levying their execution on the lands of the defendant, have elected to take that specific property as a pledge for the satisfaction of their whole debt; and, while it is held by them for that purpose, it is, for the time, presumed to be a satisfaction. The plaintiffs, then, having elected that remedy, are barred from taking any other against the same defendant, until that which they have chosen is clearly and legally shown to be insufficient. 1 Salk. 322.— 2 Ld. Raym. 1072.—4 Mass. 403.—1 Johns. R. 290.—7 ib. 428. —12 ib. 207.—6 Mod. 297, 300.—2 Tidd, 937.—2 Bac. 720. These authorities all go to show, that where the goods of a defendant have been taken in execution, whether they are sold or not, the seizure is a bar to any other execution against him for the same debt (1). The reason is equally strong, and the law equally clear, that it is a bar to any other suit brought against the same person for the same demand. Viewing the subject, then, on the principles of strict law, or of a liberal construction, or on considerations of natural reason and convenience, we are of opinion that goods or lands taken in execution, must be considered as a satisfaction of the judgment debt, and may be pleaded in bar of any other action against the same defendant for the same demand, until their insufficiency is made mani-

fest by a sale and return, showing the amount made of the pro-
perty so levied; and then they are an absolute satisfaction *pro*
*tanto*, and the plaintiff may proceed for what remains (2).

*Per Curiam.*—The judgment is reversed, with costs.
*Judah*, for the plaintiffs.
*Dewey*, for the defendants.

(1) Vide *Lasselle* v. *Moore*, ante, p. 226.

(2) For the residue—part only having been levied—the plaintiff may sue out another fi. fa., or a ca. sa.; or he may bring an action on the judgment. Bingh. on Ex. 260. Vide *Steele* v. *Murray*, ante, p. 179, and note.