STEWART *v.* NUNEMAKER.

*Scire facias* against *A.* as replevin-bail for the stay of execution on a judgment obtained by *B.* against *C.*  *A.* pleaded, *inter alia,* that a former writ of *scire facias* had issued against the defendant for the same cause of action, and that, upon a trial before a justice, judgment was rendered in his favor.  To this plea the plaintiff replied that the judgment in the former suit was a judgment of non-suit only.  The defendant rejoined

May Term,
1850.

STEWART
v.
NUNEMAKER.

that it was a judgment *on the merits.* The plaintiff surrejoined that he elected to be non-suited before the justice gave any opinion or judgment on the merits. Trial by the Court and judgment for the plaintiff. Upon the trial the plaintiff offered in evidence a transcript of the proceedings of the former suit, which exhibited the following : " Come the parties, and the cause having been fully heard and inspected, and all things touching the same, the plaintiff elected to be non-suited. It is, therefore, considered that the plaintiff be non-suited," &c. The defendant offered to prove, by parol testimony, that the cause was submitted for decision ; that the justice pronounced an opinion ; that after the parties left the Court the plaintiff stated to the justice that he preferred to be non-suited ; and that judgment was rendered accordingly. *Held,* that the judgment introduced was one of non-suit ; and that it was not admissible to prove collaterally that the judgment was wrong.

A levy upon property of sufficient value is presumed to be a satisfaction of the debt until the property is legally disposed of by the officer holding it.

An officer is required to use ordinary diligence in the preservation of property taken on execution, until the property is applied.

When property is taken from an officer by a writ of replevin, he cannot return that fact, and take out another execution until the suit is determined.

If the officer voluntarily or collusively suffers property to be retained by the replevin-plaintiff, after judgment in the officer's favor, it is an injury to the execution-defendant ; and it is the duty of the officer to use ordinary diligence to procure a proper judgment on the replevin-bond.

Wednesday,
May 29.

ERROR to the *Floyd* Circuit Court.

SMITH, J.—This suit was commenced by a *scire facias,* issued by a justice of the peace, against *Stewart,* as replevin-bail for the stay of execution upon a judgment *Nunemaker* had obtained against one *Bartholomew.*

*Stewart* filed three pleas. The first and second, (which are substantially the same,) allege that a *fi. fa.* was issued on the judgment, and was levied, by the marshal of the city of *New Albany,* on a mare, the property of the execution-defendant, of sufficient value to satisfy the writ, and that the levy had not been disposed of.

The third plea alleges that a former writ of *scire facias* had been issued against the defendant for the same cause of action, and that, upon a trial had thereon before a justice of the peace, judgment was rendered in his favor.

To the first and second pleas, the plaintiff replies that said mare was taken out of the possession of the marshal, by the sheriff of the county, by virtue of a writ of replevin, sued out by one *St. Clair,* and that, during the

pendency of the replevin suit, while out of the possession of the marshal, and without the fault of the marshal or *Nunemaker*, said mare died.

To this replication, *Stewart* rejoins that *St. Clair*, before suing out his writ of replevin, gave bond, &c., and that, afterwards, in the replevin suit, said marshal and *Nunemaker* had judgment *de retorno;* that said mare was not returned pursuant to said judgment, but died, by reason of the neglect or abuse of *St. Clair* or his agent, whereby the replevin-bond became forfeited and the obligors therein were liable to pay, and were able to pay, said judgment in favor of the plaintiff.

*Nunemaker* surrejoins that a suit had been instituted by him on the replevin-bond, and that he obtained only a judgment for costs. This surrejoinder also reasserts that the mare died without the fault of the marshal or *Nunemaker*.

*Stewart* demurred to the surrejoinder, and the demurrer was overruled.

To the third plea the plaintiff replies that the judgment in the former suit was a judgment of non-suit only. The defendant rejoins that, though the justice called it a non-suit, it was a *judgment on the merits*, after all the proof had been heard and the cause submitted. The plaintiff surrejoins that he elected to be non-suited *before the justice gave any opinion or judgment on the merits*. To this the defendant answers, that the plaintiff did not elect to be non-suited in said former suit before the justice gave his opinion or judgment on the merits of the case. An issue of fact was thus formed which was tried by the Court and found for the plaintiff, who had judgment accordingly.

Upon the trial of the issue of fact, the plaintiff offered in evidence a transcript of the proceedings in the former suit, by which it appeared that the judgment was entered in the following words:

"*Jan.* 15, 1845. Come the parties, and the trial of this cause is set for the 22d inst., at 2 o'clock, P. M., at which

May Term,
1850.

STEWART
v.
NUNEMAKER.

time come the parties, and the cause having been fully heard and inspected, and all things touching the same, the plaintiff elected to be non-suited. It is, therefore, considered that the plaintiff be non-suited, and that the defendant go hence," &c.

The defendant then offered parol testimony to prove, that, at the trial of said suit, the cause was argued by counsel and submitted to the justice for a decision on the merits; that the justice pronounced an opinion in favor of the defendant; and that, after the parties and their counsel had left the Court, the plaintiff informed the justice that he preferred to be non-suited, and the justice entered the judgment accordingly. This evidence was objected to and excluded.

The judgment introduced in evidence is clearly a judgment of non-suit, and parol evidence was not admissible to prove, collaterally, that, under the circumstances, such a judgment was wrong, and that a judgment upon the merits should have been rendered. We need, therefore, only say, in relation to this branch of the case, that the defence set up was insufficient.

We think, however, the demurrer to the other branch of the pleadings should have been sustained.

A levy upon property of sufficient value, while the property is held by the officer, is presumed to be a satisfaction of the debt. *McIntosh* v. *Chew*, 1 Blackf. 289. And this is the case if the property be wasted or destroyed by the negligence of the officer. In *Starr* v. *Moore*, the Court holds the following language: "If the loss be the result of accident, in no way chargeable to the officer or the plaintiff, the officer is not responsible, nor is it clear that the plaintiff sustains the loss. In such a case the officer would be considered the agent of the law, and, by resorting to that agency for the obtaining of his debt, the plaintiff is not chargeable with any dereliction of duty or act of injustice to the defendant. He is the delinquent party in failing to discharge his obligation, and should a loss be incurred by an unforeseen casualty, which is not

chargeable to the officer or the plaintiff, it would seem that the loss should be borne by the defendant." 3 McLean, 354.

But the officer is required to use ordinary diligence for the preservation of property taken in execution. *The State* v. *Nelson, November* term, 1849 (1). If it is wrongfully taken out of his hands by a third person, he ought not, voluntarily, to abandon it. In this case, when the property was taken from the marshal by a writ of replevin, he could not return that fact and take out a new execution, for it was not yet determined that the replevin-plaintiff had any right to have possession of it. It seems, indeed, by the result of the replevin-suit, that he had not, and the marshal, having procured a judgment for its return, could not have shown a proper disposition of the levy by a return that such a judgment had been rendered, but that the property had not been re-delivered to him. If he voluntarily or collusively suffered the property to be retained by the replevin-plaintiff after such judgment, it was an injury to the execution-defendant. So, in the suit upon the replevin-bond, it was his duty to use ordinary diligence to recover a proper judgment. These consequences necessarily result from the principles above stated, that a levy of sufficient property is presumed to be a satisfaction of the debt until the property is legally disposed of by the officer holding it, and that the use, by the officer, of ordinary diligence to preserve the property so levied upon, until it is properly applied, is requisite to show such legal disposition of it.

The counsel for the defendant in error says that the pleadings in this case show that due diligence was used, and that the plaintiff had exhausted his remedies against *St. Clair*. This position would, probably, be right, if *Stewart* was bound by the judgment on the replevin-bond. But he was not a party to that suit, and we think he has a right to go behind the judgment rendered, to show that the loss was occasioned by the negligence of *St. Clair*, and that the plaintiff ought to have recovered the value

of the property, and would so have recovered by a due prosecution of the suit. In a suit by an assignee against the assignor of a note, the assignor is not precluded by a judgment in favor of the maker in a former suit against him by the assignee, from showing that the note was valid and the maker liable to pay it. *Howell* v. *Wilson*, 2 Blackf. 418.—*Morris* v. *Lucas*, 8 id. 9. We think, upon this point, the cases are analagous.

By the pleadings, *Stewart* avers that a sufficient bond was given by the plaintiff in replevin to return the mare; that a judgment was rendered for a return; that she was not returned because the plaintiff in replevin had, by his neglect or abuse, caused her death; and that the obligors in the replevin-bond were liable and able to pay, to the marshal and the plaintiff, the value of the property so lost, which was sufficient to satisfy the plaintiff's judgment. *Nunemaker* replies that he brought suit upon the bond and only recovered his costs, and that the mare died without his fault or the fault of the marshal. If the averments of *Stewart* are true, the obligors of the replevin-bond were liable for the damages sustained by *Nunemaker*, in consequence of the non-compliance of the replevin-plaintiff with the judgment *de retorno*, and the fact that he procured a judgment for costs only, merely proves that he did not prosecute his suit with sufficient diligence, for it is no answer to the averment that the mare died by the abuse of the replevin-plaintiff, to say that she died without fault of *Nunemaker* or the marshal.

The defence set up, is, in substance, that the property levied upon was lost to *Stewart* by being taken out of his hands by the execution, and that it was rendered unavailable for the purpose of satisfying the execution, by the neglect of the officer and execution-plaintiff to prosecute their remedy against *St. Clair*. If the averments thus made are true, they constitute a sufficient bar to the action, and they are not answered by the surrejoinder which was demurred to. The demurrer should, therefore, have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial, with directions to the Circuit Court to sustain the demurrer, &c.

*R. Crawford,* for the plaintiff.

*H. P. Thornton,* for the defendant.