## FRANK ET AL. *v.* BRASKET.

EXECUTION.—*Satisfaction by Levy.*—A levy upon property, real or personal, sufficient to pay the execution, operates as a satisfaction, until such levy is legally disposed of by the sale of the property or in some other legal manner.

SAME.—*Negligence.—Replevin Bail.—Notice.*—It is the duty of the execution plaintiff who has a levy on real estate of the execution defendant, when made a party to an action to enforce a superior mortgage lien, to use reasonable or ordinary diligence to protect his levy ; and if such execution plaintiff by his negligence fails to make a proper defence against a pretended superior lien (the replevin bail not being a party to said action), the execution cannot be levied on the property of the replevin bail. *Query,* whether the execution plaintiff, when made a party to such an action, can throw upon the replevin bail the burden of defending the action by giving him notice of it.

From the White Circuit Court.

*N. O. Ross* and *R. Magee*, for appellants.

*J. H. Matlock*, for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellants, to set aside an execution and levy upon his real estate, etc.   The appellants had a judgment against Leander H. Jewett, on which Brasket was replevin bail.   They took out an execution, and it was levied on real estate of Jewett, the principal.   A superior lien was asserted in an action to which the appellants were parties, and it is alleged that by their carelessness and negligence such lien was wrongfully allowed and established ; that the levy had never been disposed of or the execution returned ; that another execution was issued on said judgment, on which the sheriff sold said real estate for a nominal sum ; that the first levy was sufficient to satisfy the judgment ; and that the defendants have caused said first named execution to be levied on the property of this plaintiff, and are proceeding to sell the same.   It is further alleged that the principal, Jewett, and also the plaintiff, Brasket, had personal property out of which the debt might be made.   The prayer is for an injunction, and that the levy, etc., may be set aside.

There was an answer of general denial, and also a second paragraph alleging that the sheriff demanded personal property, on which to levy, from the judgment defendant and the bail ; that they refused to surrender any to be levied upon, and that the sheriff found none on which to levy.   There was a reply in denial of the second paragraph of the answer.

The cause was tried by the court, and at the request of the parties a special finding was made and conclusions of law stated, as follows :  "The court finds that on the 5th day of March, 1868, the defendants, Herman Frank and Martin Frank, recovered a judgment in the White Circuit Court against Leander H. Jewett, for two hundred and fifty-six dollars and sixty cents, and that on the 10th day of March, 1868, the plaintiff, James Brasket, became replevin bail for the payment of said judgment, and that on the 28th day of October, 1868, a writ of execution was duly issued upon said judgment and delivered to Mathew Henderson, then sheriff of said county, and was by said sheriff levied

upon lot number 8, in block number 10, in the town of Reynolds in said county, the property of Leander H. Jewett, of the value of twenty-five hundred dollars, and that on the 26th day of November, 1870, William E. Saunders, successor in office of Mathew Henderson, sold said lot number 8 upon said execution and levy to the execution plaintiffs for the sum of one dollar, and executed to the purchaser a certificate of purchase. The court further finds that at the September term, 1870, of said court, in a cause then therein pending, wherein one Ulysses Cook was plaintiff, and the said Herman Frank and Martin Frank, with others, were defendants, and in which they were duly served with process, a decree was rendered by said court against said Herman and Martin Frank, which decree declares and adjudges said lot number 8, in block number 10, in Reynolds, to be subject to and included in a mortgage made by said Leander Jewett to the said Ulysses Cook, of date and lien prior to said judgment in favor of the said Herman Frank and Martin Frank, against said Jewett, which decree upon said mortgage in favor of said Cook against Jewett was for the sum of fifteen hundred dollars. And the court further finds that the said James Brasket had no notice whatever of the pendency of said cause of the said Cook against Frank and Frank and others, but was entirely ignorant of the same; and further, that at the time of the sale of said lot number 8, said Cook's decree remained in full force, unsatisfied, and unreversed. And the court further finds that although, through the fault of said Herman Frank and Martin Frank, the court found in favor of Cook, that said lot number 8 was left out of said Cook's mortgage by the mistake of the parties thereto, who intended that said mortgage should embrace said lot number 8, yet the court now finds that there was no mistake in that respect in said mortgage so made by Jewett to Cook, and that lot number 8 aforesaid was neither embraced nor intended to be embraced in said Cook's mortgage. And the court further finds that the said Herman Frank and Martin Frank could have easily

made proof by the said Leander H. Jewett that there was no mistake in that respect in said Cook's mortgage, but that said Jewett was not examined as a witness in said cause, and judgment was allowed to go as before stated. And the court finds that no fact existed to warrant a decree establishing the priority of said Cook's lien, and the court further finds that the said Leander H. Jewett was at the time of the sale. of said lot and now is insolvent. The court further finds that on or about the 18th day of July, 1871, the said sheriff, William E. Saunders, called upon the said James Brasket and informed him that he had the writ of execution, and asked him if he desired to turn out property, to which Brasket replied that he had no property to turn out on that writ, that he did not intend to pay that judgment; and further, that the sheriff then proceeded to levy said writ upon the real estate of Brasket without making any search for personalty. And further, the court finds that said Brasket was at the time the owner of personal property of the value of one thousand dollars, consisting of live-stock, farming utensils, blacksmith tools, etc., which property was on the premises of said Brasket, at said county, and a part of which the sheriff saw before he made his levy.

"Upon the foregoing facts the court now finds as conclusions of law:

"1. That the defendants, by failing to resist the suit of *Cook* v. *Jewett* and themselves, as they might successfully have done, have lost their right to proceed against the property of the plaintiff, and the levy on his real estate should be perpetually enjoined, and they enjoined from enforcing their judgment against the property of the plaintiff.

"2. That the levy on the real estate of the plaintiff should be set aside, because the plaintiff had personalty sufficient to satisfy the execution at the time of the levy.

"DAVID P. VINTON, Judge."

After the announcement of the special finding, the defendants moved for a judgment in their favor on the findings, but their motion was overruled, and they excepted. They then

excepted to the conclusions of law and each of them, and moved the court for a *venire de novo,* which motion was also overruled, and they again excepted. Final judgment was then rendered in accordance with the conclusions of law.

The errors assigned are these.

1. In the first conclusion of law.

2. In the second conclusion of law.

3. In overruling the motion of the defendants for judgment in their favor notwithstanding the conclusions of law upon the special findings.

4. In rendering the judgment perpetually enjoining the appellants from collecting their judgment, etc.

It is settled that a levy upon property, real or personal, sufficient to pay the execution, operates as a satisfaction until such levy is legally disposed of by the sale of the property, or in some other legal manner. *Lindley* v. *Kelley,* 42 Ind. 294, and cases cited. According to the finding in this case, the levy upon the land of the principal debtors was available to satisfy the judgment, had the execution plaintiffs made use of reasonable diligence in protecting and following it up. It was only in consequence of their negligence in not making a proper defence against the pretended superior lien which was asserted, that the levy was rendered unproductive. Had they made a proper defence in that action, the court finds, they might have defeated the asserted lien and made the amount of their debt out of the property on which their execution had been levied. We think it is the duty of an execution plaintiff under such circumstances to make use of reasonable or ordinary diligence to protect his levy and make it available. In this case the replevin bail was not a party to the action in which the superior lien was asserted, and had no notice of it. He could not make any resistance to the asserted lien. The execution plaintiffs could have done so, and we think it was their duty to have made the necessary defence. By this negligence of the judgment plaintiffs and consequent loss of the property levied upon, we think they have lost their right to proceed against the replevin

bail for the collection of the debt.   If the execution plain-
tiffs could have thrown upon the replevin bail the duty of
defending against the asserted lien, by giving notice to him
of the suit, which we do not decide, still it is not shown
that they gave him any such notice.   In our opinion, the
conclusions of law by the court are correct.

The judgment is affirmed, with costs.