## Case No. 6,843.

### In re HUGHES et al.

[11 N. B. R. 452;[1] 7 Chi. Leg. News, 162.]

District Court, N. D. Illinois. Feb. 8, 1875.

EXECUTION AGAINST BANKRUPT—VALIDITY OF LEVY—PRIORITY OF LIENS.

1. H. & Co. recovered judgment against the bankrupts, issued execution, and a levy was thereupon made upon the stock of goods in the store of bankrupts. The sheriff was instructed not to close the store, but to put a custodian in charge. A few days afterwards a United States marshal took possession of the store during the temporary absence of the custodian. *Held*, that the levy was a good one; that the claimants had done everything they were bound to do, and were entitled to be paid the amount of their claim out of the proceeds of the sale of the goods.

2. An execution placed in the hands of a constable is not binding until after a levy is made, and when the sheriff has made a prior levy, although the execution to the constable was first issued, the sheriff's execution must first be satisfied; if the levy is made before proceedings in bankruptcy are commenced, the constable's execution is to be satisfied before the assignee is entitled to take the proceeds arising from a sale of the bankrupt's goods.

[In bankruptcy. In the matter of John Hughes and son.]

Lyman & Jackson, for Harrison & Co.

BLODGETT, District Judge. The affidavits upon file in this case show that upon the 14th of April, 1874, Harrison & Co., recovered judgment against the bankrupts, issued execution, and upon the same day placed the execution in the hands of the sheriff with instruction to levy upon the stock of the bankrupts; that the deputy sheriff Galpin, proceeded to the store, indorsed the levy upon the writ, placed a custodian in the store, and received the key to the same. Hughes, by his testimony attempts to put a different phase upon these facts, but his view cannot be sustained. The following day the deputy sheriff called at the office of the attorneys of the plaintiffs with reference to the levy. The attorneys were anxious to have their judgment satisfied, and yet, on account of the promises of Hughes & Son to pay the debt in a few days, were loth to order the store closed. The deputy sheriff was instructed not to close the store, but to keep a custodian in charge, and not to allow any articles to be taken out, except those necessary to finish certain repairs which were being made outside by the bankrupts for their customers. A few days after the United States marshal took possession of the store, proceedings in bankruptcy having been instituted. At the time the marshal took possession the custodian happened to be temporarily out of the store. The question for the decision of the court is, was the levy of the deputy sheriff a good one? My reply is that I think it was a good one, and should be sustained, although the store was not closed. The deputy sheriff had indorsed a levy upon his writ, he had the key to the store, was also in possession, and could give every one actual notice, and the custodian informed the marshal that he held possession. The claimants did everything they were bound to do. I held the opinion some years ago that the statute gave a lien as against an assignee in bankruptcy when the execution is placed in the hands of the sheriff, although I have had occasion since to doubt the soundness of that

[1] [Reprinted from 11 N. B. R. 452, by permission.]

view. But here the sheriff made a levy and consummated his lien. The claimants are, therefore, entitled to be paid the amount of their claim out of the proceeds arising from the sale of the goods, and an order to that effect will be entered.

In regard to the execution in favor of Cornelius & Co., issued against the bankrupts, the facts seem to be these: They recovered a judgment against the bankrupts about the 16th of March, and placed execution in the hands of a constable, but he made no levy till the day after the sheriff had levied. From these facts I think the Cornelius levy was good as against the assignee, but must be held subordinate to the lien of Harrison & Co., as their levy was in fact made first by an officer of another court. The order should therefore be that the assignee pay out of the net proceeds of the goods in his hands: 1. The Harrison execution in full, if there are funds enough to do so. 2. Out of the balance, if any, the Cornelius judgment should be paid in full, if funds are left sufficient to do so.