No. 10,118.

McIVER v. BALLARD ET AL.

EXECUTION.—*Complaint to Set Aside.*—*Fieri Facias.*—A complaint by a defendant in execution, to set aside a writ of *fieri facias*, alleging the issue, levy on lands and return without sale or other disposition of the levy, and then the issue of an alias *fieri facias*, is good on demurrer.

SAME.—*Answer of Abandonment of Levy.*—An answer to such complaint, that the levy had been abandoned, is bad on demurrer; so, also, is an answer or counter-claim, averring the same facts appearing by the complaint, and praying a correction of the alias *fieri facias* so as to conform to the statute. 2 R. S. 1876, p. 212, section 454; R. S. 1881, section 741.

SAME.—*Costs.*—If the alias *fieri facias* in such case could be corrected as prayed, the costs should be taxed to the execution plaintiff.

From the Montgomery Circuit Court.

*B. T. Ristine, T. H. Ristine, H. H. Ristine, G. D. Hurley* and *B. Crane*, for appellant.

*T. E. Ballard, M. E. Clodfelter, G. W. Paul* and *J. E. Humphries*, for appellees.

BICKNELL, C. C.—The appellant's complaint alleges that, on the 6th of March, 1880, the defendant Ballard recovered a judgment against the plaintiff for $2,386.90, and on the 11th of March, 1880, issued an execution thereon to the defendant Krug, the sheriff, which, on the 17th of March, 1880, was levied on real estate of the plaintiff of sufficient value to satisfy the same; that on the 14th day of October, 1880, said execution was duly returned, the return showing no sale for want of bidders; that said levy is undisposed of, and that on October 15th, 1880, said Ballard issued to said sheriff another execution, like the first, and not reciting said levy and failure to sell, which second execution said sheriff has levied on the same real estate held under the former levy, and has advertised said real estate for sale under said second execution. Wherefore said second writ is void, and ought to be quashed, etc.

The defendant Ballard demurred to the complaint for want of facts sufficient; this demurrer was overruled. The defendant Krug answered the complaint separately by a general

denial. The defendant Ballard answered separately in three paragraphs:

1. Alleging the same facts stated in the complaint, and that said judgment has not been paid or replevied, and that nothing has been received or collected on said first execution; that the same was returned long after its return day, and that on the — day of October, 1880, said levy of the first execution was abandoned by the defendant, and said second execution was issued, and that the plaintiff ever since the rendition of said judgment has been the owner of the property levied on.

2. This paragraph alleges the same facts as the first paragraph, omitting the allegation as to the abandonment of the first levy, and praying that said second execution be amended by inserting therein a recital of the return of the former execution, the levy and failure to sell, and making it conform in all things to the law. The foregoing defences were duly verified.

3. This was a general denial.

The plaintiff's demurrer to said first paragraph of answer was sustained; his demurrer to said second paragraph was overruled. He replied to said second paragraph by a general denial. A jury returned a verdict for the defendants. A motion by plaintiff for a new trial was overruled, and his motions for judgment on the pleadings, notwithstanding the verdict, and in arrest of judgment, were also overruled. The following judgment was rendered:

" It is therefore considered and ordered by the court, that the clerk of this court amend the writ of execution mentioned in the pleadings and herein sought by plaintiff to be vacated, by reciting therein the return of the first execution, its levy and the failure to sell the real estate therein described, so as to make said writ in all things conform to the law."

The plaintiff excepted to the form and substance of this judgment, and moved the court to modify it by striking out that part of it which orders the amendment of said writ. This motion was overruled.

The plaintiff moved that the costs be taxed against the defendant Ballard, and this motion was sustained except as to the costs of witnesses summoned to testify as to the value of the lands in question, and these were ordered to be taxed against the plaintiff, to which rulings the parties respectively excepted.

The plaintiff appealed; he assigns errors as follows:

1. Overruling the demurrer to the second paragraph of Ballard's separate answer.

2. Overruling appellant's motion for judgment on the pleadings notwithstanding the verdict.

3. Overruling the motion for a new trial.

4. Overruling the motion in arrest of judgment.

5. Overruling the appellant's objection to the form and substance of the judgment.

6. Overruling appellant's motion to strike out that part of the judgment which directs the clerk to amend the execution.

7. Overruling the appellant's motion to strike out that part of the judgment ordering the amendment of the execution.

8. Overruling the appellant's motion to tax all the costs against the appellee Ballard.

The appellee Ballard assigns cross errors as to him as follows:

1. Overruling this appellee's demurrer to the complaint.

2. Sustaining the appellant's demurrer to the first paragraph of this appellee's separate answer.

3 and 4. Sustaining in part the motion of appellant to tax the costs against this appellee.

The statutes by which this case is governed are as follows: "When any property levied on remains unsold, it shall be the duty of the sheriff, when he returns the execution, to return the appraisement therewith, stating in his return the failure to sell and the cause of the failure." 2 R. S. 1876, p. 212, section 453; R. S. 1881, section 740.

"The lien of the levy upon the property, shall continue, and the clerk, unless otherwise directed by the plaintiff, shall

forthwith issue another execution, reciting the return of the former execution, the levy and the failure to sell, and directing the sheriff to satisfy the judgment out of the property unsold, if the same is sufficient; if not, then out of any other property of the debtor, subject to execution." 2 R. S. 1876, p. 212, section 454. Under this last section the continuance of the lien is not limited by time. *Zug* v. *Laughlin,* 23 Ind. 170. This section enlarges the former remedy of the execution plaintiff, by giving him a writ which not only operates as a *venditioni exponas*, but adds thereto a conditional *fi. fa.,* as to other property, if that already levied on will not satisfy the debt. *Zug* v. *Laughlin, supra.*

This enlargement of the remedy, however, does not lessen the responsibility of the plaintiff, nor does it change the nature of the levy.

An execution plaintiff under said section 454 must still use reasonable diligence to protect his levy and make it available. *McCabe* v. *Goodwine,* 65 Ind. 288; *Frank* v. *Brasket,* 44 Ind. 92; *Stewart* v. *Nunemaker,* 2 Ind. 47. And as to issuing another writ against the property already levied upon, his power is derived entirely from the statute.

In Indiana, it has always been held that a levy upon property, real or personal, of sufficient value to pay the debt is *prima facie* a satisfaction of the debt, and although the plaintiff may abandon one writ of execution before it is executed, and sue out another (*Steele* v. *Murray,* 1 Blackf. 179), yet, after a levy is made upon sufficient property, he can not abandon that levy and issue another writ while the levy remains undisposed of.

In *Lasselle* v. *Moore,* 1 Blackf. 226, where real property remained unsold for want of bidders, and the execution plaintiff issued another execution, the court said it would set aside such illegal execution on motion.

In *McIntosh* v. *Chew,* 1 Blackf. 289, the court said: " Where the goods of a defendant have been taken in execution, whether they are sold or not, the seizure is a bar to any

other execution against him for the same debt." To the same effect are *Miller* v. *Ashton*, 7 Blackf. 29, and *Lindley* v. *Kelley*, 42 Ind. 294. And whether the execution thus improvidently issued be void or voidable, in either case it may be set aside on the defendant's motion. *Doe* v. *Dutton*, 2 Ind. 309.

The foregoing authorities show that the appellees' demurrer to the complaint was rightly overruled, and they show also that the appellant's demurrer to the first paragraph of the separate answer of the defendant Ballard was rightly sustained. Such a levy, instead of being abandoned by the execution plaintiff, in order to issue another execution, must be protected by him until it appears that it could not be available. The allegation in said first paragraph of answer is that the appellee Ballard abandoned the levy and issued a new execution, but this, as we have seen, he had no right to do, either at common law or under section 454 *supra*, without showing either some necessity or some valid reason therefor.

The first and second specifications therefore of the assignment of cross errors can not be sustained, and the third specification of said cross errors is unavailable, because even if appellee Ballard were entitled to the relief demanded in the second paragraph of his answer, he ought to pay the costs charged against him by the court, the appellant being in no fault.

The first specification in the appellant's assignment of errors is that the court erred in overruling the demurrer to the second paragraph of the appellee Ballard's answer.

In this paragraph the appellee repeats substantially the allegations of the complaint, and thereupon prays that his second execution may be amended so as to conform to the law. This was not valid either as a defence or as a counter-claim. The appellee Ballard had certain rights under section 454, *supra*. He did not choose to exercise these rights, but proceeded in a manner not authorized by the statute, and unknown to the common law. He states in his second paragraph of answer the fact that he acted illegally, without stating any excuse therefor, without any allegation of surprise,

mistake, inadvertence or excusable negligence, and prays that his illegal execution may be amended. But the appellant has a right to insist that the statute shall be observed. The lien of the original levy continues, and there is no equity in the suggestion that a party who has issued an irregular execution, liable to be set aside on complaint or motion, should in a valid proceeding to set it aside be placed in the same position as if he had exercised his statutory rights. To do so without any reason alleged would effectually defeat the statute. For the error in overruling the appellant's demurrer to the second paragraph of the answer of the appellee Ballard, the judgment ought to be reversed, and this result renders it unnecessary to consider the other errors assigned.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to sustain the demurrer to the second paragraph of the answer of the appellee Ballard.

Filed June 4, 1884.