Shanklin *v.* Sims *et al.*

Filed March 18, 1887.

───────◆───────

No. 11,838.

### SHANKLIN *v.* SIMS ET AL.

INJUNCTION.—*Judgment.*—*Lien.*—*Levy.*—*Sale.*—*Real Estate.*—The owner or mortgagee of land levied on under a judgment which is not a lien on it may maintain a suit to enjoin a sale.

JUDGMENT.—*Expiration of Lien.*—*Real Estate.*—*Execution.*—*Sale.*—*Injunction.*—Where a party levies on land, and insists upon his levy, despite an injunction obtained by a third person, he can not enforce the lien of his judgment against another parcel of land after the lapse of ten years from the date of its rendition, and may be enjoined. Section 608, R. S. 1881.

From the Clinton Circuit Court.

*J. Claybaugh, S. H. Doyal* and *P. W. Gard,* for appellant.
*J. N. Sims* and *W. R. Moore,* for appellees.

ELLIOTT, C. J.—The appellant brought this suit to enjoin
the appellees from selling land on execution. The facts
pleaded in the third paragraph of the appellees' answer are
substantially these : Enos Harshman owned two tracts of land
on the 6th day of March, 1873 ; on that day the judgment
under which the appellees are proceeding was rendered against
him, and on the 5th day of February, 1883, an execution
was levied on one of the tracts of land. After the levy the
Farmers Bank of Frankfort obtained an injunction prohib-
iting the sale of the parcel of land, of which it claimed to be
the owner, and this injunction is still in force. On the 17th
day of October, 1883, the appellee Sims obtained another
execution, and caused it to be levied on the parcel of land not
claimed by the Farmers Bank. It is the sale on that execu-
tion which the appellant seeks to restrain.

The contention of the appellant's counsel is, that the lien
of the judgment expired prior to the levy, as more than ten
years had elapsed since the judgment was rendered. This
contention rests upon the provisions of section 608 of the
code. The answer of the appellees to the appellant's argu-
ment is, that the appellee was prevented from enforcing his
judgment by an injunction. The appellant, in turn, responds
to this argument of the appellees, by asserting that the pro-
hibition did not operate upon the land now sought to be sub-
jected to the lien of the judgment.

The trial court erred in overruling the demurrer to this
answer. The injunction obtained by the Farmers Bank re-
strained the appellee from selling land owned by the bank,
and as the injunction is averred to be still in force, it must
be inferred that the execution was wrongfully levied on the
land of a third person, so that the injunction did not restrain
the collection of the judgment, but simply restrained the ap-
pellee from selling a particular parcel of land under it, not

owned by the judgment debtor.   We regard the answer as bad for another reason, and that is this:   Where a plaintiff levies on land, and insists upon his levy, despite an injunction obtained by a third person, he can not, after the lapse of ten years, enforce the lien of his judgment against another parcel of land, but takes the risk of his lien expiring under the provisions of the statute.   During the time he was asserting his right to hold the land levied upon, he could not rightfully issue a second execution and seize other lands, without showing that the first levy was unavailing.   *McIntosh* v. *Chew*, 1 Blackf. 289 ;   *McCabe* v. *Goodwine*, 65 Ind. 288 (297) ;   *McIver* v. *Ballard*, 96 Ind. 76.   At all events, the appellee, in maintaining his levy and failing to have it promptly disposed of, incurred the risk of losing his lien, at least as against a mortgagee or purchaser.

A party who claims as owner or mortgagee of land, levied on under a judgment which is not a lien on it, may maintain a suit for injunction.   *Bishop* v. *Moorman*, 98 Ind. 1 (49 Am. R. 731).

The fourth and fifth paragraphs of the answer are good as argumentative denials.

For the error in overruling the demurrer to the third paragraph of the answer the judgment is reversed.

Filed March 19, 1887.