## GILMORE vs. MOORE.

1. If a sheriff collect money on an execution and put it in a trunk under his bed, and it is stolen while he is asleep, he is liable to account to the plaintiff in *fi. fa.* for the loss.

Rule against Sheriff, in Harris Superior Court. Tried before Judge WORRILL, at April Term, 1860.

This was a rule against Thomas H. Moore, Sheriff of Harris county, taken out at the instance of William B. S. Gilmore, to show cause why he should not pay over to said Gilmore the sum of $400 00, principal, and $65 71 interest, besides the cost, alleged to have been collected by said sheriff on a *fi. fa.* in favor of Gilmore against Timothy Collins and others, and which he failed and neglected to pay over to said Gilmore.

The sheriff answered that he collected the amount due on said *fi. fa.* in March, 1859, and under the belief that plaintiff's attorney, P. O. Harper, Esq., resided in the town of LaGrange; wrote to him, directing his letter to that place, and said attorney, not residing at LaGrange, but at West Point, did not receive his letter. He kept said money safely until the night of the 8th April, 1859, locked up in a large trunk under the bed in his dwelling-house, slept in by defendant; and upon said night of the 8th April, and while respondent was sleeping in said bed, under which was the trunk, the said trunk, with the money therein, collected as aforesaid, was stolen out of the house of respondent by some person

who entered his dwelling-house by raising the window at the back of the house; and the trunk, with the money, was thus secretly and feloniously stolen from respondent. The trunk was found the next morning about one hundred yards from the house, broken open, and all its contents gone except a few pieces of silver. There was in said trunk at the time about $1,300 00, part of which was the money collected on said *fi. fa.*, and belonging to plaintiff, in good, solvent bank-bills; and said respondent avers that, notwithstanding he made extraordinary exertions to detect the perpetrator or perpetrators of said felony, he was unable to do so, and said money was thus totally lost, etc.

Upon this showing, the presiding Judge discharged the rule against the sheriff, holding, that under the facts and circumstances of the case, he was not liable.

To which decision counsel for plaintiff excepted, and assigned said decision as error.

INGRAM & RUSSELL, for plaintiff in error.

MOBLEY; BLANDFORD, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

Was the sheriff liable to account to the plaintiff for the money collected by him? Is he excused by the facts set forth in his return, in response to the rule?

Of course the defendant cannot be called upon a second time to pay the debt. Either the plaintiff or the sheriff must sustain the loss. The sheriff voluntarily assumes the responsibilities of his office. Amongst the rest, if he lose money which he has collected, he must account for it. The plaintiff has no option. He is compelled to entrust to the sheriff the collection of his debt. He has no choice.

It is conceded, and the books show it, that by the English law, the sheriff is liable. We see nothing in our statutes or the condition of the country to excuse him. His mode of keeping money was very insecure, to say the least of it. An accidental fire would have consumed it. Thieves did break through and steal, without doing any act of violence, or even disturbing the slumbers of the officer. It was the least he

could have done to keep an iron safe, or some secure place, for the preservation and protection of money and the valuable papers constantly in his custody.

Judgment reversed.