CRESSWELL v. BURT ET AL.

1. **Execution**: CARE OF PROPERTY LEVIED ON: DILIGENCE REQUIRED OF OFFICER. The better rule is that which requires a sheriff or constable to exercise only ordinary diligence in the preservation of property .levied upon under a writ of attachment or execution. See authorities collated by DAY, CH. J.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, OCTOBER 3.

THIS is an action to recover the value of personal property levied upon by the defendant, Barton, as constable, under an execution in favor of John Burt against the plaintiff. The petition alleges that plaintiff paid off the execution and demanded a surrender of the property levied upon, and that defendant has not surrendered said property. The defend-

ants, for answer, allege that the constable took ordinary care of the property, and it was lost or stolen through no neglect of the defendants. The cause was tried to the court, and judgment was rendered for the defendants. The plaintiff appeals. The material facts are stated in the opinion.

*John F. Lacey*, *Wm. R. Lacey* and *W. B. Quarton*, for appellant.

*Bolton* and *McCoy*, for appellees.

DAY, CH. J.—The amount in controversy being less than $100, the court certified the question upon which the opinion of this court is desired, as follows: "The property lost was in the possession of defendant, Barton, as constable. If ordinary care only is required of said officer in keeping the property attached, then the plaintiff is not entitled to recover, but if a higher degree of care than mere ordinary care is required in the control and keeping of attached property, then the plaintiff is entitled to recover of the defendants the amount of $40 and costs."

Although the above certificate refers to the care required in the keeping of *attached* property, yet it is evident from the facts of the case, as well as from the argument of counsel, that the property was levied upon under an *execution*, and that the question as to the care required in keeping such property is the matter really involved in this appeal. We will consider the certificate as presenting that question. There is much conflict of authority as to the care required by a constable or sheriff in the care of property levied upon under an execution. In Freeman on Executions, section 270, it is said: "Whenever property in the hands of a sheriff or constable is purloined, or otherwise escapes from custody, the resulting loss must be borne by some one. It is, at least, as just that this loss should fall upon the officer, whose duty it was to protect the property, as that it should fall upon the plaintiff or defendant, neither of whom has the authority to afford such

protection. Property seized under execution is ordinarily to remain in custody of the law but a short time. Property taken in attachment, on the other hand, must frequently be kept for a long period of time, to await the result of protracted litigation. There is, therefore, much reason for sanctioning, in attachment cases, a less degree of diligence than ought to be exacted when property is held under execution. But the tendency of a majority of the modern decisions is to place levies under attachment upon the same footing with levies under execution, and to exact of officers in either case only that degree of care in keeping property which an owner of ordinary prudence and sagacity would exercise in preserving like property." In 2 Thompson on Negligence, 826, with reference to the care required by a sheriff, it is said: "In respect of the property which he had levied upon and taken into his custody, he is held to a higher degree of care than an ordinary bailee for hire. If it is taken from him by force, he must answer for it, for he might have called out the whole power of the county to preserve or recapture it. · For like reasons, a return of the rescue of the body of the defendant taken in execution is not a good return." On the same page, the author further says: "There is, however, authority for holding that the exercise of ordinary care on the part of the sheriff will discharge him from responsibility, in case of the loss of goods attached on mesne process. Some courts have applied the same rule in case of property taken on final process." The following cases recognize the doctrine that a sheriff in the keeping of property levied upon under an execution must exercise more than ordinary care: *Collins v. Terrall*, 2 Sm. & M., 386; *Richardson v. Spencer*, 6 Ohio, 4; *Hartleib v. McLean*, 44 Pa. St., 510; *Wheeler v. Hambright*, 9 Serg. & R., 390; *Gilmore v. Moore*, 30 Ga., 628.

The following cases hold that an officer is required to use ordinary diligence in the preservation of property taken under execution: *Stewart v. Nunemaker*, 2 Ind., 47; *State v. Nelson*, 1 Ind., 522; *Browning v. Hanford*, 5 Hill, 588.

The following cases and authorities hold that a sheriff is required to use only ordinary care in the preservation of attached property: *Briggs v. Taylor*, 28 Vt., 180; *Dorman v. Kane*, 5 Allen, 38; *Parrott v. Dearborn*, 104 Mass., 104; *Snell v. State*, 2 Swan, 344; *Bridges v. Perry*, 14 Vt., 262; *Runlett v. Bell*, 5 N. H., 433; *Mills v. Gilbreth*, 47 Me., 320; Sherman and Redfield on Negligence, Sec. 530.

It seems to us that there is no reasonable ground for establishing a different rule of diligence in cases of attachment and execution, and that the better rule is that which requires a sheriff or constable to exercise only ordinary care in the preservation of such property. The judgment of the court below is

AFFIRMED.