## LARSH *v.* ESTEP.

Assumpsit. The declaration contained three counts—1. Upon a special contract for the sale of land. 2. That the defendant was indebted to the plaintiff 723 dollars, by virtue of an award made pursuant to a submission entered into between the parties, &c. 3. A common count for land sold. Issues made under the code of 1843. Trial under the code of 1852. The plaintiff proved the award and the execution of the submission under seal. He offered the submission in evidence. Objection sustained on the ground that, being a sealed instrument, it

Nov. Term,
1856.

LARSH
v.
ESTEP.

was not applicable to the form of action. He then moved to amend his declaration by striking out the word assumpsit. Overruled.

*Held*, that the submission was not admissible under the old system of procedure.

*Held*, also, that the amendment was not allowable under that system, because leave was not asked until after the commencement of the trial.

*Held*, also, that the code of 1852 does not apply to pleadings in a case in which the issues were formed and completed before it took effect,—and hence the declaration was not amendable under it; but,

*Held*, also, that, as sealed instruments had been reduced to the level of unsealed, at the time of the trial, the submission was admissible without the amendment.

Saturday,
December 6.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—Assumpsit by *Larsh* against *Estep*, commenced on the 11th of *August*, 1852. The declaration contains three counts. The first count is upon a special contract for the sale of land. The second alleges that, on, &c., at, &c., the defendant was indebted to the plaintiff 723 dollars, by virtue of an award made pursuant to a submission entered into between the parties, &c. The third is a common count for land sold. Proper issues being made, the case was submitted to a jury, who found for the defendant; and over a motion for a new trial, there was judgment.

The record contains a bill of exceptions which shows that during the trial the plaintiff proved the award alleged in the second count, and then proved the execution of a submission under seal, in pursuance of which the award was made, and thereupon offered to read the submission in evidence to the jury. To this the defendant objected on the ground that the action was assumpsit; that the issues were made up in *February*, 1853, and as the submission was under seal, it could not be read in evidence in support of the second count. The Court sustained the objection,—whereupon the plaintiff moved for leave to amend his declaration by striking out the word assumpsit, without the payment of costs, except the costs of his motion and of the amendment. The motion was overruled.

This action, though it was tried since the revision

now in force took effect, was commenced, and its issues completed, under the code of 1843. The old and new systems of procedure, so far as they relate to the questions arising in this record, are essentially dissimilar. Hence, the question results, under which system is the correctness of the rulings of the Circuit Court to be tested? In support of the action of the Court, it is insisted that the cause being at issue under that of 1843, the then existing rules of pleading and practice are applicable to each step in the proceeding until final judgment.

Assuming this position to be correct, debt, and not assumpsit was the proper action upon an award, where the submission was under seal. 1 Saund. Pl. and Ev. 178.—1 Chit. Pl. 101. And the action being assumpsit, the proposed evidence was inadmissible, because it did not properly apply to the form of action. Its admission would have at once shown that the plaintiff had misconceived his remedy.

But was the amendment allowable under the old system? The code of 1843 enacts that, "At any time before the commencement of the trial, the Court, for the furtherance of justice, may give leave to amend any process, pleading, or proceeding, either in form or substance." R. S. 1843, p. 713, s. 228. In this case, however, the motion for leave, &c., was made during the trial, and was, therefore, not within the rule. *The State* v. *Bryant*, 5 Ind. R. 192, to which we have been referred, is not in point; because, in that case, the leave to amend was asked before the trial commenced. It follows that the evidence was not admissible, nor was the amendment allowable under the old system.

But how stands the law now in force? The present code abolishes all distinct forms of action, and provides that, "In all actions already commenced, the pleadings to be had to form issues, the manner of procuring testimony, the examination of parties, the trial and rendition of judgment, and all other proceedings, shall conform to the provisions of this act as far as practicable." 2 R.

S. p. 223, s. 799. The appellant contends that the section just recited applies the present law to the questions under consideration. But the language of the section, so far as it relates to pleadings, does not apply the new law to pleadings in a case in which the issues had been formed and completed when it took effect. Hence, the declaration was not amendable under the code of 1852.

We think, however, the evidence should have been admitted without the amendment. The section to which we have referred in effect declares, that in all cases commenced under the old system of procedure and tried under the new, the trial and all its incidents shall conform to the provisions of the latter, "as far as practicable." The submission was inadmissible under the old system, because it was a sealed instrument, and, therefore, not applicable to the form of action; but as the law stood at the time of the trial, and now stands, there is no difference in evidence between sealed and unsealed writings. 2 R. S. p. 90. And the submission being thus reduced to a level with an unsealed instrument was, at the time it was offered in evidence, consistent with the form of action, and therefore evidence in the cause.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Perry, G. W. Julian,* and *J. B. Julian,* for the appellants.

*J. S. Newman* and *J. P. Siddall,* for the appellees.

