————o————

THOMPSON *v.* NELSON.

| 28 | 431 |
|----|-----|
| 135 | 669 |

CONTRACT.—CONSIDERATION.—Suit to recover money paid to compromise a prosecution for bastardy, on the ground that the prosecuting witness was not pregnant, and that the prosecution was fraudulent. It appeared from the evidence that the prosecution was instituted in good faith, and that at the time there was reason to believe that the prosecuting witness was pregnant, though it proved not to be so.

*Held,* that the settlement of the prosecution was a good consideration for the payment of the money, and that it could not be recovered back.

APPEAL from the *Posey* Common Pleas. .

ELLIOTT, J.—Suit by *Charles Nelson* against *Thompson*. The complaint contains paragraphs for goods sold and delivered, money had and received, account stated, and also one in trover, for the value of a promissory note for $208, executed by the defendant to the plaintiff. The real controversy in the case arises upon the last named paragraph of the complaint, and the issues made thereon. The facts presented by those pleadings are these: The plaintiff held the defendant's note for the sum of $208. One *Elizabeth Smiley* commenced a prosecution for bastardy against *Hazel*

*Nelson*, the plaintiff's father, which the plaintiff compromised with her, and she dismissed the prosecution; in consideration of which the plaintiff paid her $50 in money, and assigned to her the note for $208 on the defendant. The plaintiff claims that he delivered the note and money to the defendant for the use of said *Elizabeth*, which the defendant denies. The plaintiff claims that said *Elizabeth* was not pregnant of a bastard child, and that the prosecution was false and fraudulent, and that he notified the defendant thereof, and demanded of him said note, or the amount thereof, before he had paid it, or any part of it, to said *Elizabeth*; and on these facts he bases his right to recover. On the other hand, it is insisted by the defendant that said *Elizabeth* was in fact pregnant of a bastard child by said *Hazel Nelson*; that the prosecution was instituted by her in good faith and without fraud, and that he fully paid the amount of said note to said *Elizabeth*, in good faith, and before notice that the plaintiff claimed that the assignment thereof was procured by the alleged fraud. A trial by jury resulted in a finding for the plaintiff for $208. Motion for a new trial overruled, and judgment.

One of the causes urged for a new trial is that the finding of the jury is contrary to the evidence. The evidence is before us, and, we think, does not sustain the verdict. It establishes the fact, beyond controversy, that the defendant had paid, if not all, at least a part of the money due by the note to said *Elizabeth* before notice that her right thereto would be controverted by the plaintiff, while the finding and judgment are for the full amount of the note. But, in our judgment, there is another reason why the finding should have been for the defendant. That there had been illicit intercourse between *Hazel Nelson* and said *Elizabeth* was not controverted on the trial. It is true, the evidence shows that she was not delivered of a child, but it leaves no reason to doubt that, at the time the prosecution for bastardy was commenced, and at the time of the compromise, she had good reason to believe, and did in fact believe, that

she was pregnant. Without copying into this opinion a full abstract of the evidence as to her condition, it is sufficient to say that it shows that her menses had ceased, and that the condition of her breasts and the presence of a tumor both indicated pregnancy. Several physicians testified that she subsequently had severe labor pains, or pains very similar to those attending childbirth. The defendant, who was a physician, testified that he had examined her several times, and gave it as his opinion that she was pregnant, but that the conception was *extra uterine*. In this opinion he was fully corroborated by Doctor *Cross*, and the fact was not controverted by any other witness. It seems clear, from the evidence, that the prosecution for bastardy was commenced in good faith and without fraud. Nor can it be claimed that there was any fraud on the part of said *Elizabeth* in the compromise of that suit. It was sought, not by her, but by the plaintiff himself. She was an inmate of the county asylum, where he sought her and proposed the compromise, and procured the justice of the peace before whom it was pending to take his docket there, that she might sign the certificate of dismissal, which she did.

The most that can be claimed by the plaintiff, in reference to the bastardy suit, is that it was a doubtful one; and the compromise of a pending suit upon a doubtful claim is a good consideration for a promise.

Mr. *Parsons*, in his excellent work on contracts, states the law on the subject thus: "The prevention of litigation is a valid and sufficient consideration; for the law favors the settlement of disputes. *   *   *   On the same ground a mutual compromise is sustained. With the courts of this country the prevention of litigation is not only a sufficient, but a highly favored consideration; and no investigation into the character or value of the different claims submitted will be entered into for the purpose of setting aside a compromise, it being sufficient if the parties

entering into the compromise thought, at the time, that there was a question between them. So giving up a suit, or any equivalent proceedings instituted to try a question of which the legal result is doubtful, is a good consideration for a promise to pay a sum of money for an abandonment thereof. And in these cases inequality of consideration does not constitute a valid objection; it is enough if there be an actual controversy of which the issue may fairly be considered by both parties as doubtful." 1 Par. on Cont. 438.

The law, we think, is correctly stated in the last proposition, and fully sustains the opinion expressed in the case at bar. See also, *Durham* v. *Wadington*, 2 Strob. Eq. 258; *Van Dyke* v. *Davis*, 2 Mich. 144; *Hoge* v. *Hoge*, 1 Watts 163; *Cavode* v. *McKelvey*, Addison 56; *Zane's Devisees* v. *Zane*, 6 Munf. 406; *Taylor* v. *Patrick*, 1 Bibb 168; *Brown* v. *Sloan*, 6 Watts 421; *Stoddard* v. *Mix*, 14 Conn. 12; *Barlow* v. *Ocean Insurance Co.*, 4 Met. 270; *Mills* v. *Lee*, 6 Mon. 91; *Bennet* v. *Payne*, 5 Watts 259; *Longridge* v. *Dorville*, 5 B. & Ald. 43; *Allis* v. *Billings*, 2 Cush. 19; *Russell* v. *Cook*, 3 Hill 504.

There is nothing in the position assumed in this case in conflict with the rulings in *Spahr* v. *Hollingshead*, 8 Blackf. 415, and *Jarvis* v. *Sutton*, 3 Ind. 289. We think the court erred in refusing a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*W. P. Edson*, *J. Pitcher* and *H. C. Pitcher*, for appellant.

*E. M. Spencer*, *W. Loudon*, *J. L. Welborn*, *J. F. Land*, *J. H. Burlem* and *W. Harrow*, for appellee.