No. 13,936.

## THE HOME INSURANCE COMPANY OF NEW YORK v. McRICHARDS.

| 121 | 121 |
| 135 | 669 |

CONTRACT.—*Insurance Policy.*—*Compromise of Disputed Liability.*—*Fraudulent Representations.*—*Rescission.*—*Instruction.*—In an action on an insurance policy, a compromise arising out of an alleged breach of warranties by the plaintiff having been previously agreed upon and carried out, an instruction to the jury that, if the plaintiff had been misled or induced to enter into the compromise by the fraudulent representations of the defendant or its agents, she could ignore the compromise and sue on the policy, is erroneous.

SAME.—*Fraud.*—*Compromise.*—*How Rescinded.*—In such case the plaintiff by restoring, or offering to restore, the consideration, can rescind the contract of compromise, but if, not having been misled, the plaintiff has settled with full knowledge of all the facts, there being an honest dispute as to the liability of the company, based upon reasonable grounds, the contract of settlement is binding, and can not as of right be even rescinded.

From the Washington Circuit Court.

*B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellant.

*J. A. Zaring* and *M. B. Hottel,* for appellee.

OLDS, J.—This is an action upon an insurance policy given for $1,000. The complaint is in the usual form, and no question is presented as to its validity. The defendant answered in three paragraphs, the first a denial. The second sets up breach of warranty. The third pleaded that the plaintiff had warranted in her application that she was the sole owner of the property, and that it was free from encumbrances, and alleged that there was a breach of such warranties, and that after the property was destroyed by fire the liability of the defendant was disputed, and that a compromise had been agreed upon between the plaintiff and defendant and a settlement agreed upon by which the defendant was

to pay the plaintiff $500 in full satisfaction of said policy, and the defendant had paid said sum and the plaintiff had accepted the same and receipted the company in full and surrendered the policy. The plaintiff replied to the answer by denial.

It clearly appears from the evidence that such settlement was had and the money paid by defendant and accepted by the plaintiff in full of the amount due. The court charged the jury, on this issue, in the tenth instruction, as follows:

"10th. It is for you to determine the issue from all the evidence in the case. The burden of proof is upon the defendant, and before it can sustain the issue it must prove the allegations of this paragraph of the answer by a fair preponderance of the evidence. The receipt given may be explained by parol evidence, and all the facts going to establish or tending to prove the compromise or settlement can be shown by parol testimony, notwithstanding the receipt executed by the plaintiff. You should determine the issue from all the facts, circumstances and evidence in the case, and if you find that settlement or compromise was full and fair in all its parts, was made in good faith, and was entered into by plaintiff with a full knowledge of the facts, and she was not deceived or misled thereto by any act or representation of defendant's agents, then you should find upon this issue for defendant. But if the settlement was made not in good faith, or was obtained by the misrepresentations of the defendant's agent, and it is shown by the evidence that the plaintiff was led into such settlement by the deceit, fraud or misrepresentation of defendant's agent, then you should find on the issue for the plaintiff."

This instruction is clearly erroneous. There appears to have been an honest dispute as to the liability of the defendant to pay the claim. The application warrants the property free from encumbrances, and that she is the sole owner thereof, and these facts are in good faith disputed and a compromise is entered into by which $500 is paid in satis-

faction of the policy. The instruction is clearly antagonistic to the doctrine held in the case of *Home Ins. Co.* v. *Howard,* 111 Ind. 544. In that case it is said : " One who has been led into a contract upon which he has received something of value can not ignore the contract, however induced, and proceed in a court of law as if the relations of the parties were wholly unaffected thereby. He can not, while retaining its benefits, and thus affirming the contract, treat it as though it did not exist."

The instruction is to the effect that if the plaintiff had entered into the compromise in good faith, with full knowledge of all the facts, and had not been in any way misled or deceived by the defendant or its agents, she could not ignore the contract and sue on the policy ; but if she had been misled or induced to enter into the compromise by the fraudulent representations of the defendant or its agents, then she could ignore the contract of compromise and sue on the policy. If the compromise was procured by fraud on the part of the defendant, she could rescind the contract of settlement by restoring, or offering to restore, what she had received as a consideration, but if she had not been misled and deceived, and settled with full knowledge of all the facts, and there was an honest dispute as to the liability of the company, based upon reasonable grounds, then she would be bound by the contract of settlement and could not, as of right, even rescind it. For this error the judgment must be reversed.

Judgment reversed, at costs of appellee.

Filed Nov. 21, 1889.