Scanlin *v.* Stewart *et al.*

———————◆———————

No. 16,853.

SCANLIN *v.* STEWART ET AL.

EXECUTION.—*Levy.—Lien.—Continuance Beyond Life of Execution.— Special Finding.—Presumption Supporting.*—A special finding that an execution issued by a justice of the peace was levied upon personal property, and that the levy continued for a period longer than six months prior to the issuing of a *vendi*, is a finding of fact, and it will be presumed, in the absence of anything to the contrary, that the evidence supported the finding that the levy, in some legal way, was maintained beyond the life of the original execution, and an exception to a conclusion of law that the lien of the execution continued is not well taken.

SUPREME COURT PRACTICE.—*Rule where Same Question Presented by Pleadings and Special Findings.*—Rulings upon pleadings will not be considered on appeal where the same questions are presented by exceptions to conclusions of law upon a special finding of facts.

PRACTICE.—*Motion to Modify Judgment.—Bill of Exceptions.*—In order that any question may be presented on appeal upon a motion to modify a judgment, the motion must be brought into the record by bill of exceptions.

SAME.—*Erroneous Refusal to Grant Change of Venue.—How Question Saved.*—The erroneous refusal of a change of venue must be made the ground of a motion for a new trial or it will not be considered on appeal.

From the Shelby Circuit Court.

*J. B. McFadden*, for appellant.
*K. M. Horn* and *E. K. Adams*, for appellees.

McCABE, J.—This was a suit by the appellee William P. Stewart against the appellant, as principal, and the

appellee George W. Crum, as surety, on a promissory note, and seeking a foreclosure of a vendor's lien as against Scanlin.

The appellee Crum, as such surety, filed a cross-complaint against his codefendant, appellee Stewart, and appellant, Scanlin, showing that he had paid the debt and asking to be subrogated to the rights of Stewart.

Appellee Lux was admitted as a party defendant by the court, and a demurrer by Scanlin to the cross-complaint of Lux was overruled.

The assignment of errors calls in question the rulings of the court in overruling the demurrers to each of said cross-complaints.

At the request of Scanlin, the court made a special finding of the facts, and stated its conclusions of law thereon, to which the appellant excepted. It is wholly unimportant whether the rulings were correct or not in holding the cross-complaints good, as the same question again arises on the exceptions to the conclusions of law on the facts specially found, as has been often decided by this court. State, ex rel., v. Vogel, 117 Ind. 188; Martin v. Cauble, 72 Ind. 67; Douthit v. Douthit, 133 Ind. 26; Reddick v. Keesling, 129 Ind. 128; Ross v. Banta, 34 N. E. Rep. 865.

The special finding states that "On January 25, 1890, said Scanlin, as principal, and the defendant George W. Crum, as surety, executed to the plaintiff (Stewart) their certain promissory note, payable sixty days thereafter, for $77.23, with interest at eight per cent. per annum from said date; that after the maturity of said note said Stewart instituted this action upon said note, and thereafter said surety, George W. Crum, fully paid and discharged said note and interest in the sum of $79.55, on June 15, 1890; that there is now due of principal and interest on said sum $83.27."

It is further found that on April 17, 1890, the cross-complainant John Lux, in a suit before a justice of the peace of Brandywine township, Shelby county, Indiana, the township of the residence of said Scanlin, recovered a judgment against said Scanlin, after more than three days proper service of summons, for the sum of $43.07, and costs taxed at $4.65, since which time said judgment has drawn interest at the rate of six per cent. per annum and is collectible without relief from valuation law; that on April 29, 1890, execution issued on said judgment, which execution was duly levied upon a certain building situate upon the west half of lot No. 19, on Washington street, in the town of Fairland, in said county; that said levy continued in force until December 18, 1890, when the plaintiff in said suit, John Lux, caused a writ of *venditioni exponas* to issue to the proper constable of said township, which was on said day placed in the hands of said constable, who now holds the same, together with the lien of such levy, not having sold said property; that the said house is the personal property of said Scanlin, erected by him upon said lot leased from one Totten for a term of years.

It is to be observed that these facts are all within the issues made by the pleadings.

The court stated, as conclusions of law: "That the cross-complainant George W. Crum should recover from the defendant Frank Scanlin the sum of $83.27, together with his costs herein; that the cross-complainant John Lux should maintain the lien of his alias execution as superior to any claim of the said cross-complainant Crum herein, and by reason of this proceeding upon said house; to which conclusions, the defendant Scanlin at the time excepts."

The judgment and decree followed the conclusions of law.

The objection urged here is against the sufficiency of the facts found to warrant the conclusions of law, in that the lien of the levy of Lux's execution was found to have continued in force from the time of its issue, viz, from April 29, 1890, until the 18th day of December, 1890, more than six months. It is contended that this shows an interval between the expiration of the life of the execution and the issue of the *vendi*. The statute provides that such executions shall be returnable in six months, but may be sooner returned if satisfied, or no property is found. 1 Burns' R. S. 1894, section 1577; R. S. 1881, section 1509.

The next section provides for issuing a *vendi* when property is levied on and remains unsold.

In such case the lien of the first execution is continued. Herman on Executions, p. 331, section 215.

The finding shows that the constable continued to hold possession of the property throughout the whole time. The levy of the execution was a presumptive satisfaction of the judgment, if the property is of sufficient value, until the levy is legally disposed of. *Stewart* v. *Nunemaker*, 2 Ind. 47; *Lindley* v. *Kelley*, 42 Ind. 294; *McIver* v. *Ballard*, 96 Ind. 76; *Richey* v. *Merritt*, 108 Ind. 347; *McCabe* v. *Goodwine*, 65 Ind. 288.

So long as the constable held this property under the execution, if of sufficient value to pay the judgment, it could hardly be said, under the foregoing authorities, that the lien of the execution was lost because the officer had failed to promptly return the execution at the exact time of the expiration of the six months, when the law made it returnable.

It has been held in Alabama that "Where executions have been regularly issued on a judgment, without the lapse of an entire term, the continuity of the lien is not

broken by the fact that the execution issued on the judg-
ment, which was so irregular, informal and imperfect
that it would have been quashed on motion, was re-
turned by the order of the plaintiff, and, on the same
day, another execution, curing the defects of the first,
was issued." *Clark* v. *Spencer*, 75 Ala. 49.

The evidentiary facts may have shown that to have
been the case here. The execution may have been in-
formal and defective so that it would have been liable to
be quashed and set aside. The plaintiff may have been
unwilling to risk proceeding under it to sell property
after it was levied on by virtue of such defective execu-
tion; and he may have ordered it returned to cure the
defect in it. In that case the continuity of the lien
would not be broken. These facts are evidentiary facts—
mere evidence. The continuance of the levy was an in-
ferential fact. The finding is not that the lien was con-
tinued, but that the levy was continued.

The inferential facts alone must be found in the spe-
cial finding, and not the evidentiary facts or the mere
evidence. The particular finding complained of is that
the "levy continued in force from April 29, 1890, until
December 18, 1890." The "levy" is a fact, an in-
ferential fact, and not a conclusion of law, as appellant
contends. And the "continuance" of the levy during
the time specified is also a fact, an inferential fact, and
not a conclusion of law. What is meant is that the levy
was not abandoned, not released, but continued to sub-
sist during that time.

Now, whatever evidentiary facts requisite there may
have been, or may be required to establish that inferential
fact, we must presume, were introduced in evidence. If
they were not, the appellant's remedy was a motion for a
new trial. We had as well hold that part of the finding to
be a mere conclusion of law which finds that Lux recov-

Scanlin v. Stewart et al.

ered a judgment against appellant before a justice of the peace, as to hold that a levy, or the continuance thereof, is a conclusion of law and not a fact.

As well contend that a complete transcript of the judgment before the justice must be set out in the special finding, as to contend that the special finding must set out each act done in making the levy, and each act done to continue the levy in existence. The continuity of the lien is another and a different matter, that is a conclusion of law from the facts found. That matter is properly stated in the conclusions of law. Counsel do not question the conclusions of law, if the facts have been properly found. Holding, as we have already indicated, that the levy and its continuance in force are inferential facts there was no error in overruling the exceptions to the conclusions of law.

Overruling appellant's motion to modify the judgment is assigned for error. This motion proceeds upon the idea that no lien is established in favor of Lux. It results from what we have already said, that the motion was correctly overruled. Besides, there is no bill of exceptions bringing into the record the motion to modify, pointing out objections to the form of the decree, which has been held necessary to present any question upon such a motion. *Adams* v. *La Rose*, 75 Ind. 474; *Bayless* v. *Glenn*, 72 Ind. 5; *Douglass* v. *State*, 72 Ind. 385; *Teal* v. *Spangler*, 72 Ind. 380.

It is also assigned for error that the circuit court erred in overruling appellant's motion, properly supported by affidavit, for a change of judge. It is wholly unnecessary to inquire into the propriety of that ruling as appellant is not in a position to avail himself of the ruling, even if it was erroneous. He did not move for a new trial. It has been often held that the erroneous refusal of a change of venue must be made the ground of

· a motion for a new trial as a condition precèdent to the right to a review of that question in this court. *Horton* v. *Wilson*, 25 Ind. 316; *Knarr* v. *Conaway*, 53 Ind. 120; *Berlin* v. *Oglesbee*, 65 Ind. 308; *Mannix* v. *State, ex rel.,* 115 Ind. 245 (251); *Bement* v. *May*, 135 Ind. 664.

No question is, therefore, presented to us by the record as to the ruling refusing a change of judge.

The judgment is affirmed.

HACKNEY, J., took no part in this decision.

Filed May 16, 1894.

## ON PETITION FOR A REHEARING.

McCABE, J.—A very earnest petition for a rehearing is presented in this case, supported by two very extensive and elaborate briefs, on behalf of the appellant.

The points mainly relied on for a rehearing are: that we erred in holding that the ruling of the trial court in overruling a demurrer to the amended cross-complaint of appellee Crum was immaterial, because the same question was presented on the special finding of facts and conclusions of law thereon, and that the conclusions of law were not supported by the facts found. In other words it is contended that there were not facts enough found to warrant any relief under the cross-complaint, though all the facts alleged in the cross-complaint are found in the special finding; and that, we may remark, is a good ground for attacking the conclusion of law in favor of the cross-complainant. And that is the reason why the error, if any there was in overruling the demurrer to such cross-complaint, was harmless and immaterial. A correct declaration of the law arising upon the facts found would correct and cure any error in overruling the demurrer to the cross-complaint for want of sufficient facts. This rule is so well grounded in good reason, and sanctioned by such a long line of decisions

of this court cited in the original opinion, that we are not inclined to depart from it; nor is it true, as contended by appellant's learned counsel, that those cases are not in point. There is a large number of other cases in this court to the same effect.

The complaint sought a foreclosure of a vendor's lien on a building. The cross-complaint set up that Crum had secured a lien on the building by the levy of an execution issued on a judgment recovered before a justice of the peace; and the fact that appellant claims ought to have been, but was not, alleged in the cross-complaint, and ought to have been, but was not, found in the special finding, and without which the conclusion of law in Crum's favor was unsupported and erroneous, is that the justice who rendered the judgment had jurisdiction. In pleading a judgment or decision of a court or officer of special jurisdiction, it is sufficient to allege generally that the judgment was duly given or made. If the allegation be denied, the facts conferring jurisdiction must be proved on the trial. 1 R. S. 1894, section 372; R. S, 1881, section 369.

As to whether the cross-complaint stated facts sufficient without alleging that the justice by whom the judgment was rendered had jurisdiction, or that the judgment was duly given or made; and whether the special finding of facts was sufficient to warrant the conclusion of law in favor of the cross-complainant, without a finding that the justice had jurisdiction, might have made an interesting and important question for our consideration and decision had it been presented on the original hearing of the cause.

After carefully reading appellant's brief on the original hearing, of nearly thirty pages of closely written matter, we fail to find that the question of the jurisdiction of the justice of the peace was even hinted at there-

in. From this fact it is more than probable that no such question was made or thought of in the trial court. Appellant does not seem to have thought that there was anything in that point at the original hearing here, though he now urges it with two elaborate briefs citing a startling array of authority. But we must decline to consider them, because it is thoroughly settled by this court that it is too late to present a question for the first time in this court on a petition for a rehearing. *Yater* v. *Mullen,* 24 Ind. 277; *Heavenridge* v. *Mondy,* 34 Ind. 28; *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294; *Graeter* v. *Williams,* 55 Ind. 461; *Union School Tp.* v. *First Nat'l Bank, etc.,* 102 Ind. 464.

The petition is, therefore, overruled.

Filed Oct. 17, 1894.